IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>MATTHEW J. ROUSE,<br><br>                   Defendant. | 8:17CR56<br><br>**FINDINGS AND RECOMMENDATION** |

    This matter is before the Court on the Motion to Dismiss Indictment and Request for Oral Argument (Filing No. 34) filed on June 30, 2017, by Defendant, Matthew J. Rouse. The United States filed a Response (Filing No. 40) opposing the motion on July 17, 2017. For the reasons stated below, the undersigned magistrate judge recommends that Mr. Rouse's motion be denied, without an evidentiary hearing.

## BACKGROUND

    The facts necessary for disposition of this motion are not disputed. Mr. Rouse, who was thirty-eight years old, and B.A., who was sixteen years old, met in August 2016 and developed a sexual relationship. (Filing No. 35 at pp. 1-2; Filing No. 40 at pp. 1-2). Beginning in December 2016, Mr. Rouse and B.A. made "approximately five video recordings of themselves engaged in sexual acts, sometimes using [B.A.'s] phone and sometimes using [Mr. Rouse's phone.]" (Filing No. 35 at p. 2). Mr. Rouse asserts B.A. agreed to video record their encounters, and they did not distribute the recordings to anyone besides each other. (Filing No. 35 at p. 2). Law enforcement was informed of Mr. Rouse's and B.A.'s relationship, and a subsequent search of B.A.'s cell phone recovered sexually explicit images and/or videos. (Filing No. 35 at p. 2; Filing No. 40 at p. 2).

    Subsequently, on February 22, 2017, Mr. Rouse was charged in a two-count Indictment with (1) enticement of a minor to engage in sexually explicit conduct for the purposes of creating a visual depiction, in violation of 18 U.S.C. § 2251(a) (Count I), and (2) distribution of child pornography as defined by 18 U.S.C. § 2256(8)(A), in violation of 18 U.S.C. § 2252A(a)(2) (Count II). (Filing No. 1).

Mr. Rouse has filed the instant motion to dismiss the Indictment, arguing his prosecution violates his First Amendment right to free speech and Fifth Amendment right to privacy and sexual intimacy. (Filing No. 34).

## ANALYSIS

Count I charges Mr. Rouse under 18 U.S.C. § 2251(a), which prohibits a person from using "any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]" 18 U.S.C. § 2251(a). "The 'use' component is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography." *United States v. Vanhorn*, 740 F.3d 1166, 1168 (8th Cir. 2014) (quoting *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007)).

Count II charges Mr. Rouse with distribution of child pornography under 18 U.S.C. § 2252A(a)(2). "[C]hild pornography" is defined as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture . . . of sexually explicit conduct where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct[.]" 18 U.S.C.A. § 2256(8)(A).

A "minor" for purposes of both statutes is defined as "any person under the age of eighteen years." 18 U.S.C. § 2256(1). There is no dispute that B.A. was a minor as defined by the applicable statute at the time Mr. Rouse and B.A. began documenting their sexual activities. Instead, Mr. Rouse argues that because B.A. was old enough to legally consent to sexual relations under Nebraska law,[1] visually documenting those sexual relations is protected by the First and Fifth Amendments. (Filing No. 35 at p. 5).

### I.    First Amendment Challenge

The Supreme Court of the United States has repeatedly held that child pornography using real children is a category of speech "fully outside the protection of the First Amendment[.]" *United States v. Stevens*, 559 U.S. 460, 471 (2010) (citing *New York v. Ferber*, 458 U.S. 747 (1982)); *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245-46 (2002)("[P]ornography produced with real children" is not protected by the First Amendment); see also, *United States v. Williams*,

---

[1] See *State v. Senters*, 699 N.W.2d 810, 813 (Neb. 2005) ("Nebraska generally does not criminalize sexual relations between individuals who are 16 years old or older.").

2

553 U.S. 285, 299 (2008)("[O]ffers to provide or requests to obtain child pornography are categorically excluded from the First Amendment.").

Although Mr. Rouse recognizes this well settled law, he attempts to circumvent the above holdings by equating the video and images he produced with B.A. with virtual production of child pornography, which was held to be protected speech by the Supreme Court in *Ashcroft*. (Filing No. 35 at pp. 3-5). *Ashcroft* dealt with a facially overbroad statute that criminalized the possession and distribution of "any visual depiction . . . of sexually explicit conduct," even where the visual depiction only appeared to be a minor engaging in sexually explicit conduct. *Ashcroft*, 535 U.S. at 260 (internal quotations omitted). Because the statute in *Ashcroft* broadly banned "virtual child pornography," which was "produced by means other than using real children, such as through the use of youthful-looking adults or computer-imaging technology," the child-protection rationale for speech restriction did not apply. *Id*. at 234; see also, *Williams*, 553 U.S. at 289 ("[T]he child-protection rationale for speech restriction does not apply to materials produced without children").

Mr. Rouse's reliance on *Ashcroft* is misplaced. Unlike *Ashcroft*, the instant case does not involve virtual, simulated, or "morphed" pictures of B.A. Rather, Mr. Rouse admits B.A. herself was used to create the visual recordings. Because B.A. was undisputedly a minor at the time of the recordings, the recordings involve the type of harm which can constitutionally be prosecuted under *Ferber*. The Supreme Court has "long recognized" that the government has a compelling "'interest in safeguarding the physical and psychological well-being of a minor.'" *United States v. Anderson*, 759 F.3d 891, 895 (8th Cir. 2014)(quoting *Ferber*, 458 U.S. at 756). Legislative judgment and relevant literature have concluded that "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child," and therefore regulation of those materials "easily passes muster under the First Amendment." *Ferber*, 458 U.S. at 75 (footnote omitted). As such, the First Amendment does not protect "pornography produced with real children," such as B.A. See *Ashcroft*, 535 U.S. at 246.

Mr. Rouse further argues that because B.A. was the age of consent under Nebraska law, the child protection rationale is inapplicable. A similar argument was advanced by the defendant in *United States v. Bach*, 400 F.3d 622, 629 (8th Cir. 2005). In *Bach*, the defendant argued that his convictions under 18 U.S.C. § 2251 and § 2252 violated the First Amendment because the

3

sexually explicit images he took of a sixteen year old male portrayed only "noncriminal consensual sexual conduct," as sixteen was the age of consent in Minnesota. *Bach*, 400 F.3d at 628. In rejecting the defendant's argument, the Eighth Circuit concluded that, because "[t]he First Amendment does not prevent prosecution for child pornography . . . Congress may regulate pornography involving all minors under the age of eighteen if it has a rational basis for doing so." *Id.* at 629 (citing *Ferber*, 458 U.S. at 747, and *United States v. Freeman*, 808 F.2d 1290, 1293 (8th Cir. 1987)). The Eighth Circuit affirmed the defendant's convictions because "the congressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws[.]" *Id.*

In this case, because B.A. was a minor at the time Mr. Rouse visually recorded their sexual activities, the undersigned magistrate judge finds the instant prosecution does not violate Mr. Rouse's First Amendment right to free speech, and therefore recommends that his motion to dismiss be denied on that basis.

**II.     Fifth Amendment Challenge**

Mr. Rouse also argues the Indictment violates the liberty and privacy components of the due process clause of the Fifth Amendment under *Lawrence v. Texas*, 539 U.S. 558 (2003). "The liberty interest the Court recognized in *Lawrence* was for adults engaging in consensual sexual relations in private[.]" *United States v. Bach*, 400 F.3d 622, 629 (8th Cir. 2005); see *Lawrence*, 539 U.S. at 578 (excluding minors from its holding that the due process clause protects private and consensual sexual activities between adults). "The Constitution offers less protection when sexually explicit material depicts minors rather than adults." *United States v. Vincent*, 167 F.3d 428, 431 (8th Cir. 1999) (citing *New York v. Ferber*, 458 U.S. 747, 756-64 (1982)). "[A]ctivities related to child pornography are not protected by a constitutional right of privacy." *Bach*, 400 F.3d at 629 (citing *Vincent*, 167 F.3d at 431).

Mr. Rouse does not dispute that B.A. was a minor or that he recorded their sexual activities. Although consensual sexual activity between adults is constitutionally protected, courts have not extended the same protection to minors. Moreover, the prohibited conduct at issue is Mr. Rouse's alleged production of pornographic material involving B.A., not simply engaging in a sexual relationship with her. In consideration of the above, the undersigned

magistrate judge finds that the instant prosecution does not violate Mr. Rouse's Fifth Amendment constitutional right to privacy, and recommends denial of his motion to dismiss on that basis. Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief Judge Laurie Smith Camp that Defendant's Motion to Dismiss Indictment and Request for Oral Argument (Filing No. 34) be denied.

Dated this 26th day of July, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.