# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:17CR56 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MATTHEW J. ROUSE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss Indictment, ECF No. 34; the Findings and Recommendation of the Magistrate Judge, ECF No. 41, recommending that the Defendant's Motion to Dismiss be denied; and the Defendant's Objections to the Magistrate Judge's Findings and Recommendations, ECF No. 45. For the reasons discussed below, the Defendant's Objections will be overruled; the Magistrate Judge's Findings and Recommendations will be adopted; and the Defendant's Motion to Dismiss will be denied.

## BACKGROUND

The facts are not in dispute. Defendant Matthew J. Rouse ("Rouse"), age 37, developed a sexual relationship with a 16-year-old girl ("B.A."), whom he first met when he was recruiting competitors for a CrossFit competition. Rouse and B.A. recorded videos of their sexual activities on their cell phones and transmitted the videos to each other electronically. Rouse is charged in an Indictment with (1) enticing a minor to engage in sexual acts for the purposes of making visual depictions, in violation of 18 U.S.C. § 2251(a); and (2) distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). He contends that the pending charges violate his constitutional rights of free speech and sexual privacy under the First and Fifth Amendments to the United States Constitution.

In the Findings and Recommendation, ECF No. 41, Page ID 76-79, Magistrate Judge Michael D. Nelson presented a thorough analysis of the applicable case law related to Rouse's free speech and privacy arguments, and rejected both. Rouse objects to the Findings and Recommendations, asserting that the sexual conduct at issue was consensual and non-criminal. He argues that his prosecution for recording consensual, non-criminal sexual conduct, and for sharing such images with his consenting sexual partner, violates his constitutionally protected rights of free speech and sexual privacy.

**DISCUSSION**

This Court will not repeat the Magistrate Judge's thorough constitutional analysis herein. Rouse has pointed to no case, involving similar facts, where any court has accepted the arguments he presents. To the contrary, every court that has addressed such arguments has rejected them unequivocally.

In *United States v. Bach*, a 41-year-old defendant faced similar charges for taking photos of a 16-year-old boy engaged in sexual conduct, and transmitting a photo over the internet. 400 F.3d 622 (8th Cir. 2005). The defendant argued that the prosecution violated his rights of free speech and privacy, because the boy was above the age of consent for sexual activity and posed for the photos willingly. The Eighth Circuit rejected the defendant's arguments, noting that "activities related to child pornography are not protected by a constitutional right of privacy" and "[t]he First Amendment does not prevent prosecution for child pornography." *Id*. at 629. The Eighth Circuit concluded that "the congressional choice to regulate child pornography by defining minor as an individual

2

under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws." *Id.*

In *United States v. Ortiz-Graulau*, a 38-year-old defendant faced similar charges for taking explicit photos of a 14-year-old girl with whom he had a consensual sexual relationship. 397 F. Supp. 2d 345 (D. P.R. 2005), *aff'd*, 526 F.3d 16 (1st Cir. 2008). He argued that the prosecution violated his privacy rights, because the girl was over the age of consent for sexual activity in Puerto Rico, and he considered her to be his fiancee. The court rejected the defendant's privacy argument, concluding that "Puerto Rico's definition of a minor is of no consequence" in the application of federal child pornography laws. *Id*. at 348; *United States v. Freeman*, 808 F.2d 1290, 1293 (8th Cir. 1987) (concluding the state's "decision to define minor as one under the age of sixteen in no way requires the federal government to follow suit') (citing *Smith v. United States*, 431 U.S. 291, 307 (1977) ("State's right to abolish all regulation of obscene material does not create a correlative right to force the Federal Government to allow the mails or the channels of interstate or foreign commerce to be used for the purpose of sending obscene material into the permissive State").

In *United States v. Stringer*, a 33-year-old defendant faced similar charges for recording consensual sexual conduct with a 15-year-old girl. 739 F.3d 391 (8th Cir. 2014). The defendant argued that the girl was legally emancipated and not a minor in the eyes of the law. The Eighth Circuit rejected the defendant's argument, noting that the girl's "previous marriage and emancipation are not legal defenses to a charge against Stringer under § 2251(a)." *Id.* at 396.

3

In *United States v. Laursen*, a 45-year-old defendant faced similar charges for recording his consensual sexual conduct with a 16-year-old girl who was above the age of consent for sexual activity under the law of the state of Washington. 847 F.3d 1026 (9th Cir. 2017). As here, there was no evidence that Laursen distributed, transferred, or otherwise displayed the images to anyone outside the relationship. The Ninth Circuit rejected the defendant's constitutional challenges to the prosecution, noting that while the sexual relationship was legal, "the production of pornography stemming from that relationship was not." *Id*. at 1034. One concurring circuit judge suggested a narrow interpretation of the word "uses" in § 2251(a), which mandates penalties for "[a]ny person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . ." Quoting dictionary references, the concurring judge would have defined "uses" as "'to take unfair advantage of; exploit.'" *Id*. at 1037 (Hawkins, J., concurring). Nevertheless, the concurring judge agreed that the difference in age, combined with other facts such as the minor's perception of the defendant as a mentor, provided "sufficient indicia of a coercive or exploitative element to satisfy even the more narrow definition of 'uses'" proposed by the concurring judge. *Id.*

Here, even if a more narrow definition of "uses" were applied, the undisputed facts provide sufficient indicia of an exploitative element.

Accordingly,

IT IS ORDERED:

1. The Defendant Marrhew J. Rouse's Objections to the Magistrate Judge's Findings and Recommendations, ECF No. 45, are overruled;

2. The Findings and Recommendation of Magistrate Judge Michael D. Nelson, ECF No. 41, are adopted;

3. The Defendant Matthew J. Rouse's Motion to Dismiss Indictment, ECF No. 34, is denied.

DATED this 2nd day of October, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge